**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | JURY DEMANDED |
| LIFE LINE SCREENING OF AMERICA LTD. | : : : | |
| Defendant. | : : | |

_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The TCPA also restricts more than just telemarketing calls.

2

4.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

5.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Life Line Screening of America Ltd. ("Life Line" or "Defendant") made unsolicited telemarketing calls using an artificial or prerecorded voice to numbers on the National Do Not Call Registry, including his own.

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7.    Plaintiff Andre Felix is an individual and a resident of Suwanee, Georgia.

8.    Defendant Life Line Screening of America Ltd. is a limited liability company with its principal place of business at 6111 Oak Tree Blvd., Suite 301, Independence, Ohio 44131.

## Jurisdiction & Venue

9.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.    The Court has personal jurisdiction over Life Line because it conducts business in this District, including transmitting the unlawful prerecorded telemarketing calls at issue to Plaintiff's cellular telephone number in this District, and otherwise has sufficient minimum contacts with this District.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt in this District, at his residence in Suwanee, Georgia, of the unlawful prerecorded telemarketing calls at issue.

## The Telephone Consumer Protection Act

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

16.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

17.    The TCPA separately prohibits the initiation of any telephone call to a cellular telephone number using an artificial or prerecorded voice, absent an

emergency purpose or the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private right of action for such violations, along with statutory damages of $500 per violation, treble damages of up to $1,500 for each willful or knowing violation, and injunctive relief.  47 U.S.C. § 227(b)(3).

## Factual Allegations

18.    Life Line offers community-based preventive health screening services, including cardiovascular and stroke risk screenings, to consumers nationwide.

19.    One of Life Line's strategies for marketing its services and generating new customers is the placing of telemarketing calls using an artificial or prerecorded voice to consumers' cellular telephones.

20.    Recipients of these calls, including Plaintiff, did not consent to receive them.

Prerecorded Calls to Mr. Felix

21.    Mr. Felix is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.    Mr. Felix's cellular telephone number, (347) 217-XXXX, has been on the National Do Not Call Registry since December 24, 2024.

6

23.    Mr. Felix has never provided his consent, written or otherwise, to receive telemarketing calls from the Defendant.

24.    Despite this, Defendant placed numerous prerecorded telemarketing calls to Plaintiff's cellular telephone number, all originating from, or displaying as originating from, the telephone number (866) 964-1391, including the following:

> October 31, 2025, at approximately 3:55 p.m.;
> February 26, 2026, at approximately 2:17 p.m.;
> March 17, 2026, at approximately 9:39 a.m.;
> March 30, 2026, at approximately 11:39 a.m.;
> June 8, 2026, at approximately 1:43 p.m.; and
> June 29, 2026, at approximately 12:40 p.m.

25.    Each of these calls was a voicemail left in a prerecorded, scripted voice identifying itself as "Elisa" calling on behalf of "lifeline screening," using identical or near-identical wording across calls placed months apart from one another.

26.    The recorded messages featured a crisp, uniform, and repetitive delivery, free of the pauses, missteps, and conversational variation that characterize live human speech, and no live agent ever spoke with Plaintiff.  Thus, on information and belief, each call used a prerecorded or artificial voice.

27.    Plaintiff's cellular telephone number is not associated with any request for information from, or any prior relationship with, Defendant.

28.     Screenshots of Plaintiff's call log and the transcripts of Defendant's prerecorded voicemails are shown below:



29.     Notably, one of the voicemails Defendant left for Plaintiff addressed him as "Mr. Hassan," a name that is not Plaintiff's, yet the call was placed to Plaintiff's cellular telephone number, further demonstrating that Defendant's prerecorded telemarketing calls are placed without regard to whether the recipient consented to receive them or whether the recipient's number was listed on the National Do Not Call Registry.

30.     The privacy of Mr. Felix and the putative class members was infringed upon because the prerecorded telemarketing calls were unwanted.

31.     In addition to the prerecorded voicemails described above, Plaintiff received a telemarketing text message sent from telephone number (216) 377-0592.

32.     That text message was addressed to "Adegboyega," a name that is not Plaintiff's, once again demonstrating that the telemarketing communications sent to Plaintiff's cellular telephone number are transmitted without regard to the recipient's identity or consent.

33.     The text message advertised "$25 off" Plaintiff's screening using the promotional code "SCREEN25" and directed recipients to the hyperlink "https://links.lifelinescreening.com/k2ET0" — a domain bearing Defendant's own name — directly tying this telemarketing communication to Defendant.

34.     A screenshot of this text message is shown below:

9



35.    While the Plaintiff is not pursuing this text message as a violation of the TCPA, the text message confirms that Defendant market Defendant's services to Plaintiff's cellular telephone number through multiple channels, including both prerecorded voice calls and text messages.

## Class Action Statement

36.    Plaintiff brings this action on behalf of himself and the following classes (collectively, the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant (3) within a 12-month period (4)

where the individual was not a customer of the Defendant, and (5) from the four years prior to the filing of the complaint through the date of trial

**Prerecorded Voice Class:** All persons in the United States (1) whose telephone number received one or more telephone calls from, or on behalf of, Defendant, (2) during a 12-month period, (3) within the four years prior to the filing of the Complaint through the date of trial (4) where the call used a prerecorded or artificial voice, and (5) where the individual was not a customer of the Defendant.

37.     Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

38.     Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

39.     Members of the Classes are so numerous that their individual joinder is impracticable.

40.     On information and belief, based on the technology used to place calls to Plaintiff, which is used to place calls *en masse*, Members of the Classes number in the thousands.

41.     The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

42.    Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

43.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

44.    Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act, including its prohibition on telemarketing calls using an artificial or prerecorded voice, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

45.    The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other Class Members, received unsolicited telemarketing calls from the Defendant without giving Defendant his consent to receive such calls.

## Adequacy of Representation

46.    Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

47.    The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

48.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

49.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

50.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

51.    Individualized litigation also presents a potential for inconsistent or contradictory judgments.

52.    In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

53.    Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National DNC Class)

54.    Plaintiff repeats and incorporates by reference each of the allegations set forth above as if fully set forth herein.

55.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the National DNC Class despite their numbers being on the National Do Not Call Registry.

56.    The Defendant's violations were negligent, willful, or knowing.

57.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National DNC Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call.

58.    Plaintiff and members of the National DNC Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b)(1)(A)(iii))
### (On Behalf of Plaintiff and the Prerecorded Voice Class)

59.    Plaintiff repeats and incorporates by reference each of the allegations set forth above as if fully set forth herein.

60.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by initiating telephone calls to the cellular telephone numbers of Plaintiff and the Prerecorded Voice Class using an artificial or prerecorded voice, except for calls made for emergency purposes or with the prior express consent of the called party.

61.    As alleged above, the calls Defendant placed to Plaintiff and members of the Prerecorded Voice Class used a prerecorded or artificial voice.

62.    Plaintiff and members of the Prerecorded Voice Class did not provide Defendant with prior express consent, written or otherwise, to receive calls using an artificial or prerecorded voice.

63.    Defendant's violations were negligent, willful, or knowing.

64.    As a result of Defendant's and/or its affiliates', agents', and/or other persons' or entities' violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and members of the Prerecorded Voice Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call.

15

65.    Plaintiff and members of the Prerecorded Voice Class are also entitled to and do seek injunctive relief prohibiting Defendant from making further calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the Prerecorded Voice Class in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from making telemarketing calls advertising its goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry, in the future;

B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.    An order enjoining Defendant from making further telephone calls using an artificial or prerecorded voice to Plaintiff and members of the Prerecorded

Voice Class, absent an emergency purpose or the prior express consent of the called party, pursuant to 47 U.S.C. § 227(b)(3);

E.      An award to Plaintiff and members of the Prerecorded Voice Class of statutory damages of $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii), and $1,500 for each violation the Court finds was willful or knowing; and

F.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this July 15, 2026.

By: */s/ Valerie Chinn*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
6000 Lynmark Way
Suite 106 #1320
Fairburn, GA 30213
Direct: 404-955-7732
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

17