# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:                                           :
                                                 :
**CASES ASSIGNED TO**                            :
**JUDGE J. P. BOULEE**                           :


## STANDING ORDER REGARDING CIVIL LITIGATION
## FOR CASES PROCEEDING BEFORE
## THE HONORABLE J. P. BOULEE

This case has been assigned to Judge J. P. Boulee.  These guidelines are

furnished to inform the parties and their counsel of the Court's policies, procedures

and practice and to promote the just, speedy and economical disposition of cases.

This Order, in combination with the Local Rules of this Court and the Federal

Rules of Civil Procedure, shall govern this case.

TABLE OF CONTENTS

I. GENERAL MATTERS ................................................................................4

II. CASE ADMINISTRATION .....................................................................4

    a.   Contacting Chambers ..........................................................................4

    b.   Transcripts ..........................................................................................5

    c.   Courtesy Copies of Documents...........................................................5

    d.   Attorneys ............................................................................................6

       i. Admission of Counsel Pro Hac Vice..............................................6

       ii. Electronic Registration for All Counsel ........................................6

       iii. Leaves of Absence.........................................................................7

       iv. Withdrawal or Substitution of Counsel ........................................7

       v. Corporate Representation ...............................................................7

       vi. Proposed Orders.............................................................................7

    e.   Pro Se Litigants ..................................................................................8

III. CASE MANAGEMENT..........................................................................11

    a.   Extensions of Time............................................................................11

    b.   Page Limitations for Objections to Reports and Recommendations .................12

    c.   Page Limit Extensions.......................................................................12

    d.   Legal Citations..................................................................................12

    e.   Jurisdiction Based on Diversity of Citizenship .................................12

    f.   Motions for Temporary Restraining Orders or Preliminary Injunctive Relief ..13

    g.   Conferences ......................................................................................14

    h.   Early Planning Conference and Joint Preliminary Report and Discovery Plan. 14

    i.   Detailed Discovery Plan ...................................................................15

    j.   Discovery..........................................................................................16

       i. General Principles of Discovery....................................................16

       ii. Discovery Responses: Boilerplate and General Objections...........18

       iii. Interrogatories..............................................................................19

       iv. Requests for Production or Inspection ..........................................21

       v. Requests for Admission..................................................................22

vi. Depositions ......................................................................................... 22

vii. Discovery Disputes............................................................................. 25

k.   Confidentiality Agreements, Protective Orders and Motions to Seal ............... 26

i. Legal Standards .................................................................................. 26

ii. Procedures for Requesting the Court to Seal Information ............................ 28

l.   Electronic Filings of Exhibits, Attachments and Briefs.................................... 30

m.   Motions for Summary Judgment................................................................. 30

n.   Statements of Material Facts ..................................................................... 31

o.   Requests for Oral Argument on Motions ..................................................... 31

p.   Pretrial Order ......................................................................................... 32

q.   Pretrial Conference ................................................................................. 34

r.   Proposed Findings of Fact and Conclusions of Law........................................ 35

s.   Jury Trial............................................................................................... 36

i. Voir Dire............................................................................................. 37

ii. Courtroom Communications ................................................................. 39

iii. Exhibits............................................................................................ 40

iv. Jury Charges ..................................................................................... 42

t.   Courtroom Technology and Security ........................................................... 43

Exhibit A: CIVIL QUALIFYING JURY QUESTIONS ............................................. 45

Exhibit B: CIVIL BACKGROUND JURY QUESTIONNAIRE............................... 46

## I. GENERAL MATTERS

Attorneys and pro se litigants appearing in this Court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure.  These rules are available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure.

2. The local rules of this District Court and Instructions Regarding Pretrial Proceedings.   The local rules of this Court are available for downloading at https://www.gand.uscourts.gov/court-info/local-rules-and-orders/local-rules.  Various forms and the Court's pretrial instruction package are available at https://www.gand.uscourts.gov/rules-orders-forms.

3. The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case.

## II. CASE ADMINISTRATION

a.      **<u>Contacting Chambers</u>**

The Courtroom Deputy Clerk is your principal point of contact on matters related to this case.  Where possible, communications with the Courtroom Deputy Clerk should be by email or in writing, addressed as follows:

Chambers of Judge J. P. Boulee
ATTN:  Courtroom Deputy Clerk
1988 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303-3309
CRD_JPB@gand.uscourts.gov

If a telephone call is necessary, you may reach the Courtroom Deputy Clerk at (404) 215-1410.  Please note that the Courtroom Deputy Clerk is often in the courtroom, so telephone messages may not be returned for 24 hours.  Neither the

parties nor their counsel should discuss the merits of the case with the Courtroom Deputy Clerk or any of the Court's law clerks.

**b.       Transcripts**

Communications regarding transcripts should be directed to the Official Court Reporter, Penny Coudriet, at penny_coudriet@gand.uscourts.gov or at 404-215-1486.  If any party desires a daily copy or rough draft copy of a proceeding, that party must contact Ms. Coudriet at least two weeks before the proceeding.

**c.       Courtesy Copies of Documents**

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience.  Courtesy copies are not required except for emergency motions filed pursuant to the Local Rules of the United States District Court for the Northern District of Georgia ("Local Rules, NDGa"), specifically Local Rule 7.2B, motions for temporary restraining orders and/or preliminary injunctions and motions for summary judgment.  Courtesy copies of other motions that have voluminous exhibits should also be submitted to chambers.

Courtesy paper copies of emergency motions and motions for temporary restraining orders and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 1988 on the 19th floor of the United States Courthouse located at 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Courtesy paper copies of motions for summary judgments, including all exhibits,

and other motions with voluminous exhibits may be either hand-delivered to chambers in Room 1988 or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the above provided address.

All courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the Court's Case Management/Electronic Case Filing ("CM/ECF") system with the docket header across the top of the document so that the case number, docket number and page numbers appear on each page.  Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

**d.**      <u>**Attorneys**</u>

**i. Admission of Counsel Pro Hac Vice**

In the event that lead counsel has been admitted pro hac vice, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of lead counsel.

**ii. Electronic Registration for All Counsel**

All counsel—including counsel admitted pro hac vice—must register and participate in the Court's electronic filing system, CM/ECF.  <u>See</u> this Court's Standing Order 19-01.  Pro se litigants are not part of the Court's electronic filing system and should be served directly.

6

### iii. Leaves of Absence

All requests for or notices of leaves of absence must be electronically filed. Counsel are encouraged to review their calendars and file any requests for leave of absence as early as possible. Leave requests shall comply with Local Rule 83.1, NDGa.

### iv. Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change in his or her status. Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

### v. Corporate Representation

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. See Local Rule 83.1, NDGa. Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against a corporation.

### vi. Proposed Orders

For all consent, unopposed or joint motions, the filing party shall include a proposed order granting the motion.

e.       **Pro Se Litigants**

Parties proceeding pro se (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as well as the Local Rules of the United States District Court for the Northern District of Georgia ("Local Rules, NDGa."). Pro se parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov. Pro se litigants may also utilize the Eleventh Circuit's law library located in the Elbert P. Tuttle U.S. Court of Appeals Building at 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

Counsel and parties representing themselves are prohibited from engaging in ex parte communications with the Court or the Court's staff. "Ex parte communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence or in-person contact by one party or party's counsel. If counsel or a pro se litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's Office and serve the opposing party or party's counsel. See Fed. R. Civ. P. 5; Local Rules 5.1 and 5.2, NDGa; see also Local Rule 7.4, NDGa.

("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion.  Counsel [and pro se litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court.  The Court will only direct the Clerk or the U.S. Marshals Service to serve documents in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s) or (2) in exceptional circumstances under the Court's discretion.  The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org).

A pro se plaintiff is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s), by mail or by hand delivery under Fed. R. Civ. P. 5, a copy of every additional pleading or other paper described in Fed. R. Civ. P. 5.

9

Each pleading or paper described in Fed. R. Civ. P. 5, including pleadings, papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service. Pro se parties are also **ADVISED** that, under Local Rule 7, NDGa, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is treated as unopposed. See Local Rule 7.1B, NDGa. Furthermore, under Local Rule 56.1, NDGa, the failure by a respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in the respondent's statement.

Pro se parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1D(3), NDGa provides that counsel and parties appearing pro se have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[i]f a failure to provide notice of any such change causes delay or adversely affects the management of a case, the Court may impose an appropriate sanction." Local Rule 83.1D(3), NDGa. Pro se parties are

encouraged to provide the opposing party or opposing party's counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a pro se party provides an email address, opposing counsel shall serve copies of all pleadings via email and regular mail. Pro se parties are **ADVISED**, however, that the Court serves documents via paper only and not via email.

## III. CASE MANAGEMENT

### a.    <u>Extensions of Time</u>

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extension, whether joint, unopposed or designated as consent, will not be granted as a matter of course. Such motions must be filed before the expiration of the applicable deadline to be extended, or they will not be considered by the Court. Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought. Parties should indicate whether opposing counsel consents to the extension. A proposed order must be provided.

**b.      <u>Page Limitations for Objections to Reports and Recommendations</u>**

Objections to a magistrate judge's or special master's report and recommendation and any responses to those objections shall be limited to twenty pages, absent special permission of the Court.

**c.      <u>Page Limit Extensions</u>**

The Court generally does not approve extensions of page limitations.  Parties seeking an extension of the page limit must do so at least five days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension.  If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the rule.  The Court will also not consider any arguments made in pages which exceed the Local Rules' requirements.

**d.      <u>Legal Citations</u>**

Legal citations should be in Bluebook Bluepages form (i.e., citations should appear in the text of a brief immediately following the propositions they support, not in footnotes or endnotes).

**e.      <u>Jurisdiction Based on Diversity of Citizenship</u>**

For a limited liability company ("LLC"), or other unincorporated entity, the plaintiff or removing defendant must list each member of the LLC or unincorporated entity and provide specific factual allegations to support the

citizenship of each member of the LLC or unincorporated entity.  See Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990) (citizenship of an unincorporated entity generally depends on the citizenship of all the members composing the organization; limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens); Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."); RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (citation omitted) (". . . when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court").

f.  **Motions for Temporary Restraining Orders or Preliminary Injunctive Relief**

Any request for a temporary restraining order or preliminary injunctive relief must be made by a separate motion.  A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered.  After

filing an appropriate motion, the movant must contact the Courtroom Deputy Clerk to request expedited consideration.

**g.      Conferences**

Scheduling, discovery, pretrial and settlement conferences promote the speedy, just and efficient resolution of cases.  Therefore, the Court encourages the parties to request a conference with the Court when counsel believes that a conference will be helpful, and counsel has specific goals and an agenda for the conference.  Conferences may be requested by contacting the Courtroom Deputy Clerk via email or telephone.  If a conference is requested, counsel should prepare an agenda for the conference and submit it to chambers at least three business days before the conference.

**h.      Early Planning Conference and Joint Preliminary Report and Discovery Plan**

Local Rule 16.1, NDGa provides that, prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan.  This Early Planning Conference may be conducted by lead counsel via telephone.

With respect to deadlines addressed in the Joint Preliminary Report, the Court requires specific due dates to be provided.  For example, the parties should

set forth in the proposed Scheduling Order submitted with the Joint Preliminary Report the dates for the end of discovery based on the track set forth by the Court for the category of case involved.

After reviewing the Joint Preliminary Report and Discovery Plan, the Court may schedule a Rule 16 conference.  The Court may also do so at the request of counsel.

### i.    <u>Detailed Discovery Plan</u>

The Court may require the parties to file a detailed discovery plan.  These plans are often required when the parties request to conduct discovery over a period longer than the discovery period assigned when the case is filed or when the parties request a discovery extension.  The parties, however, are encouraged to submit detailed discovery plans even in cases for which a plan is not required by the Court.  The information that the parties are required to include in a detailed discovery plan depends on the status of the case.

Generally, when a detailed discovery plan is required early in a case, it should provide, at a minimum, the date on which written discovery will be served, a beginning and end date for the period during which depositions will be conducted, the date on which specific depositions will be conducted (understanding that not all deponents will have been identified), the date on which

experts will be designated and counter-designated and a beginning and end date for the period during which expert depositions will be conducted.

When a detailed discovery plan is required later in a case, it should provide, at a minimum, the date on which discovery will be served, the persons and entities to be deposed, the date on which each deposition is scheduled to be conducted, the date on which experts will be designated and counter-designated and the dates on which each expert will be deposed.

**j.    <u>Discovery</u>**

Initial disclosures should be as complete as possible based upon information reasonably available.  Responses may not be reserved for later supplementation.

**i. General Principles of Discovery**

Counsel and pro se litigants should be guided by courtesy, candor and common sense and should conform to the Fed. R. Civ. P., the Local Rules, NDGa and applicable orders in conducting discovery.  In particular, counsel and pro se litigants should have in mind the restrictions on the scope of discovery stated in Fed. R. Civ. P. 26(b) and the good faith obligations implicit in Fed. R. Civ. P. 26(g).  Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.  Requests for extension of the

discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2B, NDGa.  All requests for extensions of the discovery period must be made via motion, must explain in detail why an extension is necessary and must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.  An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a consent motion.  Motions must be filed prior to the expiration of the existing discovery period.  Such motions ordinarily will be granted only in cases where counsel could not have anticipated, at the time they submitted the Joint Preliminary Report and Discovery Plan, that the specific circumstances necessitating the requested extension would arise.

The Court will not enforce any private agreements between the parties and/or their counsel to conduct discovery beyond the conclusion of the discovery period.  The Court also will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended. The Court does not allow evidence at trial which was requested and not revealed during the discovery period.

Lastly, the Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct a preservation deposition.

### ii. Discovery Responses: Boilerplate and General Objections

Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections in response to discovery requests. Parties should not carelessly invoke the usual litany of rote objections, e.g., attorney client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited. A party shall not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege; the work product immunity from discovery; the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence and the prohibition against discovery requests that are vague, ambiguous, overly broad or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to

18

that particular request.  Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request.  All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s).  See Fed. R. Civ. P. 34(b)(2)(C).  For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### iii. Interrogatories

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33. Counsel's or a pro se litigant's signature on the interrogatories constitutes a certification of compliance with those limitations.  Interrogatories should be brief, straightforward, neutral, particularized and capable of being understood by jurors when read in conjunction with the answer.  Ordinarily, they should be limited to requesting objective facts, such as the identification of persons or documents, dates, places,

19

transactions and amounts.  Argumentative interrogatories, attempts to cross-examine and multiple repetitive interrogatories are objectionable.

The parties are directed to consult Fed. R. Civ. P. 26(b) and 33(b)-(d) about the permissible scope of discovery and objections.  Counsel's or a pro se litigant's signature on the answer constitutes a certification of compliance with the requirements of Fed. R. Civ. P. 26(g).

Federal Rule of Civil Procedure 33(b)(3) requires the respondent to provide separate written answers to each interrogatory unless it is objected to.  If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable.  When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information.  Generally, the responding party is required to produce information only in the form in which it is maintained or is available.  If an answer is made by reference to a document, attach it or identify it and make it available for inspection. Generalized cross-references, such as to a deposition, are not acceptable answers.

If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity.  In the case of a document, such a statement should specify the privilege relied on and include the date, the title, a description, the subject, the purpose of

20

the document, the name and position of the author and the addresses of other recipients.  In the case of a communication, the statement should include the privilege relied on and the date, the place, the subject, the purpose of the communication and the names and positions of all persons present.  See Fed. R. Civ. P. 26(b)(5).

### iv. Requests for Production or Inspection

Please consult Fed. R. Civ. P. 26(b) and 34 about the permissible scope of discovery and objections.  To the extent possible, requests should specify with particularity the title and description of documents or records requested.  (Information needed for specification can often be obtained by informal discovery, by deposition or by interrogatories, if necessary.)  The certification requirement of Fed. R. Civ. P. 26(g) applies.

When responding to requests, materials (including electronically stored information), should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E).  Documents should be produced either with labels corresponding to the categories in the specific requests to which they respond or in the manner in which they are kept in the usual course of business.  Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials and similar procedures do not meet the good faith requirements of the rules.  The certification procedure of Fed. R. Civ. P. 26(g) is applicable.

### v. Requests for Admission

Requests for admission are an economical and efficient means of narrowing issues and of making a record of informal exchanges of information, stipulations and matters subject to judicial notice.  Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words.  Requests ordinarily should deal with only objective facts.  They may be combined with interrogatories to ask for the factual basis of a claim or a denial.  The attorney's or pro se litigant's signature certifies compliance with Fed. R. Civ. P. 26(g).  Federal Rule of Civil Procedure 36(a)(4) requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.  A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder.  The responding party has a duty to make reasonable inquiry before responding.  The certification requirement of Fed. R. Civ. P. 26(g) applies.

### vi. Depositions

Barring extraordinary circumstances, opposing counsel and pro se litigants should be consulted, and the convenience of counsel, witnesses and the parties accommodated, before a deposition is noticed.  Concurrent depositions are not permitted in the absence of stipulation or order.

When counsel enter (or a party enters) into stipulations at the beginning of a deposition, the terms of the stipulations should be fully stated on the record of the deposition.

At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

Questions should be brief, clear and simple. A deposition should not be used to harass or intimidate a witness. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Fed. R. Civ. P. 37. Speaking objections and other tactics for coaching a witness during depositions are not permissible. Counsel and their witness-clients SHALL NOT engage in private, off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the

witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.  Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall also be noted on the record.

Unless the parties agree otherwise, breaks in the interrogation shall occur no more frequently than once every ninety minutes, breaks in the interrogation shall not last longer than fifteen minutes and any lunch break shall last one hour and fifteen minutes.  Breaks do not count when computing the duration of the deposition.

If counsel or a pro se litigant believes that a motion to terminate or limit the examination under Fed. R. Civ. P. 30(d) would be warranted, counsel and/or the pro se litigant should promptly initiate a conference call to the Court with opposing counsel for a pre-motion conference to attempt to resolve the problem.

Federal Rule of Civil Procedure 26(b)(4) should be consulted regarding expert disclosures.  Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in Fed. R. Civ. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

**vii. Discovery Disputes**

The Court requires parties to submit their discovery disputes to the Court before filing discovery motions (including motions to compel, motions for protective order and motions for sanctions). These disputes are often resolved in a conference with the Court, thus avoiding a delay of discovery.

In the event a discovery dispute arises, the parties are required to meet and confer in an effort to resolve the dispute. Counsel or pro se litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court. See Fed. R. Civ. P. 26(c) and 37(a)(1); Local Rule 37.1A, NDGa. The duty to confer is NOT satisfied by sending a written document, such as a letter, email or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary.

If the dispute cannot be resolved, the parties shall file on the case docket via the CM/ECF system a Consolidated/Joint Discovery Statement in which the parties describe the dispute and succinctly summarize their respective positions and the relief requested. The Consolidated Statement is not to exceed 6 pages double-spaced.

The parties are required to attach as an exhibit to the Consolidated Statement an excerpt of the relevant discovery requests including only the language of the specific requests and, potentially, the disputed responses that are the subject of the dispute.  The parties should not attach an entire copy of their Interrogatories, Requests for Production of Documents or Requests for Admission.  No other exhibits are allowed without prior permission from the Court.  The Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly.

All discovery conferences will be recorded by a court reporter.  If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.  If a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so, counsel should not hesitate to call the Court at (404) 215-1410.  The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

k.    **Confidentiality Agreements, Protective Orders and Motions to Seal**

     **i. Legal Standards**

The Court disfavors the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."  While the Court recognizes the legitimacy of such orders in some cases, the Court's

experience is that such orders are used—and abused—more often than truly necessary.  The Court is aware that the parties will at times agree to designate documents as "Confidential."  However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that documents, tangible things and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number or (3) personal health information protected by the Health Insurance Portability and Accountability Act.  Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed.  Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

### ii. Procedures for Requesting the Court to Seal Information

If the parties find that a consent protective confidentiality order is necessary, the following language should be included (and shall be deemed included) therein:

> Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section III.k. of the Court's Standing Order Regarding Civil Litigation.

Those procedures are as follows.

For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wish to be sealed should be provisionally filed on CM/ECF, per the directions set out in Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website under "Electronic Case Filing Info." See also Appendix H to the Local Rules, NDGa. Counsel should not send paper copies of the documents to chambers or to the Clerk's Office.

For tangible things other than documents, the parties shall deliver the items to the Courtroom Deputy Clerk in chambers along with a proposed order permitting the tangible things to be filed under seal.

28

The Court will review, in camera, the documents and tangible things sought to be sealed.  If the Court agrees that they should be sealed, the proposed order will be filed.

The Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances.  A party who seeks to introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected.  The Court will review the protected documents, tangible things or information in camera and make an oral ruling.  If the oral motion to seal is granted, the Clerk will file any such documents or tangible things under seal.

If a document contains some discrete material that is deemed confidential and subject to protection from public disclosure under Fed. R. Civ. P. 26(c), the parties will be entitled to redact only those portions of the document deemed confidential.  The Court cautions that only in rare instances will it be appropriate to seal an entire document from public access.  Thus, pleadings, motions or briefs which mention or reference a document containing confidential information, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format.  Where it is necessary for the parties to quote

29

or disclose protected confidential information in pleadings, motions or briefs, the parties shall file redacted versions of their pleadings, motions or briefs.

**l.      Electronic Filings of Exhibits, Attachments and Briefs**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling.  For example, the Court would prefer to have documents uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract and Ex. C: Jones Letter, rather than simply Ex. A, Ex. B and Ex. C.

Briefs should be titled on CM/ECF as follows:  The initial brief of a movant should be titled "Brief in Support of [state the motion]."  The brief of the responding party should be titled "[name of respondent]'s Response in Opposition to [state the motion]."  The reply of the moving party should be titled "Reply in Support of [state the motion]."  Surreplies shall not be filed without leave of Court. If the Court authorizes a surreply, it should be titled "[name of party filing the surreply]'s Surreply to [name of motion]."

**m.      Motions for Summary Judgment**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts.  The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced

testimony can be found.  The party should also include as an exhibit to the brief a copy of the specific pages of the deposition that are referenced in the brief.  The party should not attach to the brief a copy of the entire deposition transcript.  The entire deposition transcript is to be filed separately.

**n.     Statements of Material Facts**

In addition to following the form instructions set out in Local Rule 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.  Each party shall file its documents in a text-searchable PDF format.  Statements of material fact that do not conform with these instructions will be returned to counsel for revision.

**o.     Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), NDGa, motions are usually decided without oral argument, but the Court will consider any request for a hearing.  If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.

The Court will strongly consider granting oral argument on a contested, substantive motion in any case where a lawyer with less than seven years of experience will conduct the oral argument (or at least a large majority), it being the

Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

**p.      Pretrial Order**

The proposed consolidated Pretrial Order shall be filed no later than thirty days after the close of discovery, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later, unless another specific date has been set by the Court.

Local Rule 16.4, NDGa sets forth the requirements for the Pretrial Order. This includes a statement of any pending motions or other matters. The parties should identify any motions in limine that they anticipate filing as well as any motions objecting to expert testimony based upon Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Upon receipt of the Pretrial Order, the Court will issue a Scheduling Order setting the date for a pretrial conference and the date on which the trial will begin.

The statement of contentions in the Pretrial Order governs the issues to be tried. Plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out and, in a multi-defendant case, the actionable conduct of each defendant should be identified. Defendant should explicitly set

out any affirmative defenses upon which it intends to rely at trial as well as satisfy the above requirements with respect to any counterclaims.

Local Rule 16.4, NDGa also requires the parties to provide proposed voir dire requests.  Before proposing voir dire questions, please review the Court's qualifying questions and background jury questionnaire, which contain questions that are regularly asked by the Court in all civil trials.  These questions are attached as Exhibits A and B.  Please do not duplicate any of these questions in your proposed voir dire requests.

The exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (Plaintiff's Exhibit 1 or Plaintiff Jones-1 if more than one plaintiff, for example).  The parties shall adhere to the guidelines of color coding of exhibit stickers set forth in Local Rule 16.4B(19)(b), NDGa.

In listing witnesses or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial unless a party can establish that the failure to permit their use would cause a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory and request to admit response, or portion thereof,

which the party expects to or may introduce at trial, except for impeachment.  All exhibits, depositions, interrogatories and requests to admit responses shall be admitted at trial when offered unless the opposing party asserts a specific objection in the Pretrial Order.

**q.**      **Pretrial Conference**

The Court will normally conduct a pretrial conference prior to trial.  The purpose of the conference is to simplify the issues to be tried, to rule on evidentiary objections raised in the Pretrial Order and to resolve motions in limine and <u>Daubert</u> motions.  Parties should bring to the conference a copy of the proposed Pretrial Order and attachments thereto, as well as any outstanding motions.

The parties are required, seven days before the pretrial conference, to identify in writing to the Court the specific witnesses they will call in their case-in-chief at trial.  This may be done by sending the list via email to the Courtroom Deputy Clerk.  The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections.  It is the Court's practice to consider the admissibility of exhibits during trial when the Court will have better context for ruling on the objections.  If counsel identifies an issue that would affect the admissibility of a number of related exhibits, such an issue may be addressed at the pretrial conference.

Unless otherwise directed, all motions in limine shall be filed at least fourteen days before the pretrial conference.  Briefs in opposition to motions in limine should be filed at least seven days before the pretrial conference.  Unless otherwise indicated, the Court will decide motions in limine prior to or at the pretrial conference.

In accordance with Local Rule 26.2C, NDGa, Daubert motions must be filed no later than the date the proposed Pretrial Order is submitted.  Briefs in opposition must be filed within fourteen days following the Daubert motion and reply briefs must be filed seven days thereafter.

The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff, no later than ten days before the date of the pretrial conference to (1) discuss settlement and (2) stipulate to as many facts and issues as possible.  The Court will discuss settlement with the parties if the case is to be tried by jury.

**r.**    **Proposed Findings of Fact and Conclusions of Law**

When counsel is required to submit proposed findings of fact and conclusions of law, see Local Rule 16.4B(25), NDGa, the parties should confer and provide the court a single, unified set of proposed findings of fact and conclusions of law.  In other words, the Court requires a consolidated set of proposed findings to which all parties agree.  Following the agreed upon proposed

35

findings, the parties should include their proposed findings to which opposing counsel objects. Where a proposed finding is not agreed upon, the parties should indicate who is proposing the finding, the legal or factual basis for the proposed finding and the other party's objection to the proposed finding. The Court should be able to work out of one consolidated document rather than a myriad of filings on the docket.

In addition to electronically filing the consolidated proposed findings, counsel should provide an electronic copy thereof (in Microsoft Word format) to the Courtroom Deputy Clerk.

s.     **Jury Trial**

The Court is usually in session from 9:00 a.m. until 5:00 p.m. There will be a fifteen-minute recess mid-morning and again mid-afternoon as well as a lunch break.

Opening statements and closing arguments are generally limited to thirty minutes per side. Parties requesting more time for these presentations must seek leave of Court at the pretrial conference. During opening statements, counsel may refer to the contents of, and show the jury, exhibits—provided that counsel is unaware of a genuine issue as to the admissibility of the exhibit into evidence and counsel genuinely expects that each such exhibit will be admitted into evidence.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.  It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

### i. Voir Dire

Proposed voir dire questions shall be filed with the Pretrial Order as provided in Local Rule 16.4(B), NDGa and Section III.q. of this Standing Order. Voir dire will be conducted as follows.

In civil cases that are not expected to last more than one week, the Court will empanel eight jurors, none of whom will serve as an alternate.  The panel from which the eight will be selected will normally consist of eighteen to twenty prospective jurors.  If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial.

The jurors will enter the courtroom and be seated in the order listed on the juror list.  The Court will briefly inform the jury of the name and nature of the case and will then collectively ask the jurors a series of qualifying questions.  One question will be whether any juror knows any witness in the case, so counsel

should be prepared to identify the witnesses who may be called to testify (whether live or by deposition). The Court will then ask each juror to individually answer a series of background questions from a jury questionnaire. Following the qualifying and background questions, counsel for each side will be permitted to question the jurors collectively and individually using voir dire questions previously approved by the Court.

The jury will then be excused from the courtroom for a fifteen-minute recess. Once the jury is excused, the parties shall make motions to strike any juror(s) for cause. Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief, follow-up questions to any particular juror(s). After the Court rules on any such requests, the jury will be brought back into the courtroom. After the Court asks the follow-up questions (if any), counsel shall strike the jury. Each side shall be entitled to three peremptory strikes. The Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken. This will continue until each side has exercised its allotted strikes. The Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box. At this time, counsel may make motions challenging the makeup of the jury at a sidebar. The remaining panel will be excused, and the selected jury will be sworn.

### ii. Courtroom Communications

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern. During trial, a portable microphone is available that will allow counsel to move about the courtroom. Any witness not testifying from the witness stand must also use a portable microphone.

Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel and from causing or encouraging any ill feeling among the litigants. Counsel and litigants are to refrain from making gestures, facial expressions or audible comments as manifestations of approval or disapproval of testimony, argument or rulings by the Court.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Only one attorney for each party may address the Court during the charge conference.

Examination of a witness should be limited to questions addressed to the witness. Counsel and witnesses are to refrain from making extraneous statements, comments or remarks during examination.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained.  Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at a sidebar.  A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury.  When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue or refer to other evidence unless asked to do so by the Court.

Counsel are prohibited from addressing comments or questions to each other.  All arguments, objections and motions should be addressed to the Court.

The Court expects five to six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

### iii. Exhibits

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa. Exhibits need not be shown to counsel during trial for the purpose of interposing objections or foundational inquires. A notebook containing all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial, for use by the Judge on the bench during proceedings.

Prior to the start of trial, the parties shall confer and prepare a list of exhibits to which there is no dispute as to admissibility. The parties shall send the list to the Courtroom Deputy Clerk via email. The Court will admit the exhibits as a group.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (e.g., letter- or legal-sized) copy of the exhibit or board so that the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, who will pass them to the Judge. Counsel are not required to obtain permission from the Court to approach a witness in order to show the witness an exhibit or other document.

**iv. Jury Charges**

Ordinarily, the Court will charge the jury before closing argument.  <u>A single, unified set of requests to charge and proposed verdict forms</u> are required to be filed on CM/ECF the day prior to the pretrial conference, unless otherwise ordered by the Court.  Local Rule 51.1(A), NDGa.  The parties must also email to the Courtroom Deputy Clerk an electronic copy of the proposed jury instructions in Microsoft Word format.

In other words, the Court requires a consolidated set of jury instructions to which all parties agree.  Following the agreed upon jury instructions, the parties should include their instructions to which opposing counsel objects.  Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.

Counsel must use the <u>Eleventh Circuit Pattern Jury Instructions</u> and O'Malley's <u>Federal Jury Practice and Instructions</u>, if applicable.  A party proposing a change to a pattern instruction should submit a redline version of the pattern instruction showing the requested change.  If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.  Charges for which no pattern charge exists must contain citations to the legal authorities supporting the charge requested.

**t.      Courtroom Technology and Security**

The courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk.  It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment and to ensure that their equipment will interface with the Court's technology.

A court order is required to bring boxes of exhibits, projectors and laptops—virtually anything necessary for use at trial—into the courthouse.  The parties should file a motion, with a proposed order, identifying the electronic equipment the party or counsel desires to bring, specifying the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment and identifying the courtroom to which the equipment will be brought.  This should be done not less than three business days prior to the hearing or trial to allow for proper notification to the U.S. Marshals Service.

Members of the Northern District of Georgia's Bar may apply for an attorney ID card (commonly referred to as the "Blue Card").  The Blue Card will allow approved attorneys to bring cellular telephones with cameras and some other electronic equipment into the courthouse without a court order.  The procedure for obtaining a Blue Card is explained on the Court's website under the "Attorney

Information" page.  Please contact the U.S. Marshals Service to clarify what equipment attorneys are permitted to bring into court with a Blue Card.

　　　**IT IS SO ORDERED** this 14th day of July, 2026.

_____
J. P. BOULEE
United States District Judge

## Exhibit A: CIVIL QUALIFYING JURY QUESTIONS

1. Does any member of the panel know or are you related to (Plaintiff's attorney)?

2. Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by, the law firm of_____?

3. Does any member of the panel know or are you related to (Defendant's attorney)?

4. Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by, the law firm of_____?

5. Does anyone know or are you related to Plaintiff in the case?

6. Does anyone know or are you related to Defendant in the case?

7. Does anyone know any of the following individuals who may be witnesses in this case?  [Witnesses listed]

8. Does anyone believe you know anything about this case or that you have heard anything about this case before coming into court today?

9. Is there any member of the panel who would not accept the law as I give it to you in my instructions even if you disagree with the law?

10. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

11. Does any juror have difficulty reading or understanding the English language?

12. Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

## Exhibit B: CIVIL BACKGROUND JURY QUESTIONNAIRE

1.  State your juror number.

2.  (a)  Where do you live?
    (b)  Where else have you lived in the last fifteen years?

3.  (a)  Are you married?
    (b)  Is your spouse employed outside the home?  If so, what kind of work does your spouse do?

4.  (a)  Do you have children?
    (b)  Tell us their ages.
    (c)  If they are employed, tell us who they work for and what kind of work they do.

5.  (a)  Are you employed?
    (b)  If so, tell us what kind of work you do—whether you work for someone else or you are self-employed.
    (c)  If you work for someone else, for whom do you work?
    (d)  If you are retired, what kind of work did you do before you retired?
    (e)  Tell us briefly where else you have worked in the last twelve years.

6.  Have you ever served on a jury before?  If so:
    (a)  When?
    (b)  Where?
    (c)  What type of case?
    (d)  Were you the foreperson?
    (e)  Have you ever served on a jury that deadlocked and could not reach a verdict?

7.  Have you ever served on a grand jury before?

8.  If you served in the military, state the branch and years of service.

9.  Have you or any member of your immediate family ever been a plaintiff or defendant in a lawsuit (other than a divorce case)?  If so,
    (a)  State the nature of the suit.

    (b)    State the name or relationship of the person involved in the lawsuit and whether that person was the plaintiff (the party who brought the suit) or the defendant (the party who was sued).

    (c)    State how the case ended (jury verdict, settlement or dismissed by the judge).

    (d)    State who won the case.

    (e)    Would that experience affect your ability to be a fair and impartial juror in a case?

10. Have you ever been a witness in a court case? If so, briefly describe the case.

11. State the name of any professional, social or religious organizations to which you belong, and state the name of any office you hold in such organization.

12. What level of education have you completed (include any special training or schooling)? If you have a college degree, state the college or university, the degree and the area of study.