**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE LINE SCREENING OF AMERICA LTD.<br><br>Defendant. | : | Case No. 1:26-cv-03952-JPB |

## PLAINTIFF'S MOTION TO EXTEND THE TIME FOR THE PLAINTIFF TO FILE A MOTION FOR CLASS CERTIFICATION

COME NOW, Plaintiff Andre Felix ("Plaintiff") and respectfully requests that that the Plaintiff be able to file a motion for class certification at a time that is Ordered by the Court when a joint proposed Scheduling Order is issued.

In support of this Motion, the Parties show the Court as follows:

1. The Plaintiff filed this Class Action Complaint, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 on behalf of a national class.

2. Pursuant to Local Rule 23.1(B), Plaintiff's Motion for Class Certification is currently due within 90 days from the filing of the complaint.

3. The Plaintiff will need to conduct discovery and secure expert testimony before a motion for class certification can be filed. As such, the Plaintiff requests that the motion for class certification be filed at a time that is Ordered by the Court when a joint proposed Scheduling Order is issued. This Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.,* 263 F.3d 1234, 1269 (11th Cir. 2001); *see also, Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

4. The additional time is necessary because class certification will require detailed discovery concerning, among other things, the scope of the proposed class, Defendant's calling records and practices, the systems and vendors used to place the challenged communications, the source of the telephone numbers called, Defendant's consent and do-not-call records, and the policies and procedures applicable to the proposed class. Plaintiff also anticipates that expert analysis of Defendant's electronically maintained records will be necessary to identify class members and address ascertainability, predominance, and manageability. Neither the thirty-day period following an answer proposed by Defendant nor the default deadline under Local Rule 23.1(B) would provide sufficient time to obtain this discovery, conduct the necessary depositions, retain an expert, and prepare a

properly supported motion. Plaintiff therefore requests that the class-certification deadline be established through the Scheduling Order, with sufficient time—typically eight to ten months after entry of that Order—to complete the discovery and expert analysis necessary for the motion.

Plaintiff conferred with counsel for Defendant. Defendant initially stated that it did not oppose an extension but subsequently proposed that the motion be due thirty days after Defendant's answer. Plaintiff explained that thirty days would not provide sufficient time to complete the discovery and expert analysis necessary to support the motion. Defendant does not consent to the relief requested herein.

WHEREFORE, the Plaintiff respectfully requests that this Motion be granted.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*