**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE LINE SCREENING OF AMERICA LTD.,<br><br>Defendant. | No. 1:26-cv-3952-JPB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LIFE LINE SCREENING OF AMERICA LTD'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Life Line Screening of America Ltd. ("Life Line" or "Defendant"), by and through its undersigned counsel, answers Plaintiff Andre Felix's ("Plaintiff") Class Action Complaint (Doc. 1) ("Complaint") as follows:

**PLAINTIFF'S PRELIMINARY STATEMENT**[1]

1. Paragraph 1 consists of legal argument, characterizations of legislative history, and conclusions of law to which no response is required. To the extent a further response is required, Defendant states that the cited Telephone Consumer

[1] Headings from the Complaint are repeated herein for convenience only. Defendant denies any allegations in the headings.

Protection Act (codified at 47 U.S.C. § 227) ("TCPA") statute, any amendments, and any legislative findings speak for themselves, and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

2. Paragraph 2 consists of a block quotation from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), together with citations to statutes and regulations, all of which speak for themselves and none of which requires a response. To the extent a further response is required, Defendant denies that the quoted decision is binding on this Court, denies that it has any application to the facts of this case, and denies any remaining allegations in this paragraph.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a further response is required, the TCPA statute speaks for itself, and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

4. Paragraph 4 consists of a block quotation from *Barr v. American Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020), which speaks for itself and requires no response. To the extent a further response is required, Defendant denies , and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

5. Defendant admits that Plaintiff purports to bring this action under the TCPA. Defendant denies that has violated the TCPA, denies it made unsolicited

telemarketing calls using an artificial or prerecorded voice to numbers on the National Do Not Call Registry, and denies any remaining allegations in Paragraph.

6. Denied.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8. Defendant admits that its principal place of business is located at 6111 Oak Tree Blvd., Suite 301, Independence, Ohio 44131, but denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

9. Defendant does not contest this Court's subject matter jurisdiction over TCPA claims for purposes of this action, but otherwise denies the allegations in this paragraph.

10. Defendant does not contest this Court's personal jurisdiction over it for purposes of this action, but otherwise denies the allegations in this paragraph.

11. Defendant does not contest that venue in this District as to Plaintiff's individual claims, but denies the remaining allegations of Paragraph 11.

## TELEPHONE CONSUMER PROTECTION ACT ALLEGATIONS

12. Paragraph 12 consists of legal conclusions and characterizations of legislative findings to which no response is required. To the extent a further response

is required, the cited materials speak for themselves, and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

13. Paragraph 13 quotes 47 U.S.C. § 227(c)(1), which speaks for itself and no response is required. To the extent a further response is required, the cited materials speak for themselves, and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

14. Paragraph 14 characterizes 47 C.F.R. § 64.1200(c)(2), which speaks for itself and no response is required. To the extent a further response is required, the cited materials speak for themselves, and Defendant denies any characterization made by Plaintiff and any remaining allegations in this paragraph.

15. Paragraph 15 quotes 47 C.F.R. § 64.1200(c)(2), which speaks for itself, but Defendant denies any characterization by Plaintiff, including that the regulation operates without regard to the exemptions and safe harbors set forth therein or that registering one's telephone number on the National Do Not Call Registry automatically revokes previously provided consent to be called. Defendant also denies any remaining allegations in this paragraph.

16. Paragraph 16 states legal conclusions and characterizes 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), which speak for themselves. No response is required. Defendant denies any characterization by Plaintiff, including any characterization that omits the exemptions for an established business relationship,

the health care exemption, and prior express consent. Defendant also denies any remaining allegations in this paragraph.

17. Paragraph 17 states legal conclusions and characterizes 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3), which speak for themselves. No response is required. Defendant denies any characterization by Plaintiff, denies that Plaintiff or any putative class member is entitled to any damages or other relief, and denies any remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

18. Admitted that Defendant provides community-based preventive health screening services, including cardiovascular and stroke risk screenings, to consumers in the United States, but otherwise denied.

19. Denied.

20. Denied.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant admits that Plaintiff is a "person" within the meaning of 47 U.S.C. § 153(39), but otherwise denies the allegations in this paragraph.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, including because Plaintiff has not pleaded his complete telephone number, and on that basis denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies them.

24. Defendant admits (866) 964-1391 is a telephone number associated with Defendant, but otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis denies them.

25. Denied.

26. Denied.

27. Denied.

28. The screenshots and transcripts reproduced in Paragraph 28 speak for themselves. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29. Defendant admits that one of the voicemail transcripts reproduced in the Complaint appears to begin with a name "Mr. Hassan," but otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis denies them.

30. Denied.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis denies them.

32. Defendant admits the text message quoted in Paragraph 34 appears to contain “Adegboyega,” but otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies them.

33. Defendant admits the text message quoted in Paragraph 34 appears to contain “$25 off,” “SCREEN25,” an unreadable hyperlink, and “Text ‘STOP’ to quit,” but otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies them.

34. The image reproduced in Paragraph 34 speaks for itself. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies them.

35. Defendant admits that Plaintiff states he is not pursuing the text message as a violation of the TCPA. Defendant denies the remaining allegations of Paragraph 35.

## CLASS ACTION STATEMENT ALLEGATIONS

36. Defendant admits that Plaintiff purports to bring this action on behalf of himself and the two putative classes defined in Paragraph 36. Defendant denies that either class is properly defined, that either class is ascertainable, that either class

may be certified under Rule 23, and that this action may be maintained as a class action. Defendant also denies the remaining allegations of Paragraph 36.

37. Defendant admits that Paragraph 37 purports to exclude Defendant and its employees and agents from the putative classes and that Plaintiff purports to reserve a right to modify the class definitions. Defendant denies that any class definition, as pleaded or as later modified, satisfies Rule 23, and reserves all rights with respect to any modified or amended definition. Defendant also denies the remaining allegations of Paragraph 37.

38. Defendant admits that Plaintiff purports to bring claims individually and on behalf of putative class members. Defendant denies that Plaintiff may properly do so and denies any remaining allegations in this paragraph.

**Alleged Numerosity**

39. Denied.

40. Denied. Defendant specifically denies, for example, that the technology Defendant used to place calls to Plaintiff or the putative class supports any inference as to the size or composition of either putative class.

41. Defendant admits that Plaintiff has not identified the members of either putative class. Defendant denies that the members of either putative class can be identified through discovery or by any administratively feasible means and denies the remaining allegations of Paragraph 41.

42. Denied. Defendant specifically denies, for example, that members of either putative class may be identified from Defendant's records, including because an individualized inquiry into each customer called at tremendous cost would be required and these efforts may not result in identification of any putative class members.

**Alleged Commonality**

43. Denied.

44. Denied. Defendant specifically denies, for example, that the questions identified in Paragraph 44 are capable of class wide resolution or that they predominate over the individualized questions presented, including questions of consent, established business relationship, Registry registration and its timing, number reassignment and its timing, whether a prerecorded or artificial voice was used on any given call, and whether any given putative class member suffered a concrete injury.

**Alleged Typicality**

45. Denied. Defendant specifically denies, for example, that Plaintiff's claims are typical of those of either putative class and states that Plaintiff's claims turn on individualized questions arising from the reassignment to Plaintiff of a telephone number previously provided to Defendant with consent by another person.

**Alleged Adequacy of Representation**

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis denies them.

47. Denied.

**Alleged Superiority**

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**COUNT I**
**Telephone Consumer Protection Act**
**(Alleged Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National DNC Class)**

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT II**
**Telephone Consumer Protection Act**
**(Alleged Violations of 47 U.S.C. § 227(b)(1)(A)(iii))**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

59. Defendant incorporates by reference its responses to Paragraphs 1 through 58 as if fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff or any putative class member is entitled to any of the relief requested in the Prayer for Relief, including subparagraphs A through F thereof, and denies that Plaintiff or any putative class member is entitled to injunctive relief, statutory damages, treble damages, attorneys' fees, costs, or any other relief whatsoever.

**DEFENDANT'S GENERAL DENIAL**

Defendant denies any allegation not expressly admitted herein. Defendant further denies any breach of the TCPA or wrongdoing occurred.

**DEFENSES**

Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery in the facts of the matter warrant, Defendant also asserts the following additional defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims and those of the putative classes are barred, in whole or in part, for lack of standing under Article III of the United States Constitution. Plaintiff has not suffered a concrete and particularized injury in fact, fairly traceable to Defendant's conduct and redressable by a favorable decision, as to any call or text that did not result in the delivery of a call/voicemail or text that he heard or perceived. Independently, every member of a putative damages class must possess Article III standing, and the classes as pleaded necessarily include persons who suffered no concrete harm, or who never perceived any communication from Defendant.

3. Plaintiff's claims and those of the putative classes are barred, in whole or in part, because the calls at issue did not employ an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A). The statutory term "voice"

carries its ordinary meaning and requires an audible component. Plaintiff cannot establish that each call identified in the Complaint employed an artificial or prerecorded voice.

4. Plaintiff's claims and those of the putative classes are barred, in whole or in part, because the calls at issue were placed with prior express or implied consent, permission, license, waiver, release, or other authorization.

5. Plaintiff's claims and those of the putative classes are barred, in whole or in part, because consent, permission, license, or other authorization to place the communications at issue was provided by a person having actual or apparent authority to consent, release, or waive on behalf of the subscriber or customary user of the telephone number at issue.

6. Plaintiff's claims and those of the putative classes are barred, in whole or in part, because each communication at issue fell within the scope of the consent, permission, license, other authorization, release, or waiver given, and because no effective revocation was communicated to Defendant before the communications at issue were made.

7. The claims of Plaintiff and the putative National DNC Class are barred, in whole or in part, by the established business relationship exemption set forth in the TCPA, including at 47 C.F.R. §§ 64.1200(c)(2)(i) and 64.1200(f)(5).

8. The claims of Plaintiff and the putative National DNC Class are barred, in whole or in part, by the safe harbor set forth in the TCPA, including at 47 C.F.R. § 64.1200(c)(2)(i). Any communication alleged to have been directed to a telephone number registered on the National Do Not Call Registry was the result of an error made notwithstanding Defendant's routine business practice, which includes monitoring and enforcement of compliance.

9. The claims of Plaintiff and the putative National DNC Class are barred, in whole or in part, because the telephone numbers at issue, including Plaintiff's, were not residential land lines and the subscribers were not residential telephone subscribers or do not otherwise qualify.

10. Plaintiff's claims and those of the putative classes are barred, in whole or in part, because Defendant reasonably and in good faith relied upon prior express consent, permission, license, other authorization, release, or waiver documented in its records, received no notice that the telephone number at issue had been reassigned, and received no request to cease contacting that number.

11. Upon information and belief, Plaintiff's claims and those of the putative classes are barred, in whole or in part, by the equitable doctrines of laches, estoppel, or similar doctrines.

12. Upon information and belief, Plaintiff's claims and those of the putative classes are barred, in whole or in part, by the relevant statute of limitations.

13. Plaintiff and the putative classes are not entitled to all damages sought or treble damages because Defendant did not willfully or knowingly violate the TCPA or any regulation promulgated under it. Defendant acted at all times in good faith and in reliance on consent documented in its records, without knowledge or notice that the telephone number at issue had been reassigned.

14. This Court lacks personal jurisdiction over Defendant with respect to the claims of absent putative class members that neither arise out of nor relate to Defendant's contacts with the State of Georgia.

15. This action may not be maintained on a class basis because the requirements of Federal Rule of Civil Procedure 23 cannot be satisfied. For example, the putative classes are not adequately defined by objective criteria. Individualized questions predominate over any common questions, including consent and its scope, the identity of the subscriber and customary user of each telephone number when the alleged calls were made, whether and when each number was reassigned, whether and when each number was registered on the National Do Not Call Registry, the existence of an established business relationship, whether an artificial or prerecorded voice was used on any given call, revocation of consent or lack thereof; and Article III standing. Plaintiff's claims are not typical, Plaintiff is not an adequate representative, a class action is not superior to other available methods of adjudication, and the classes as plead present insurmountable administrative issues.

16. Defendant reserves the right to amend or assert additional defenses based on information learned or obtained later, including during further investigation, discovery, or otherwise.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Life Line Screening of America Ltd. respectfully requests that the Court deny certification of the putative classes and strike the class allegations of the Complaint; dismiss the Complaint with prejudice and enter judgment in Defendant's favor; award Defendant its costs and attorney fees; and grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

Dated: September 9, 2026

Respectfully submitted,

*/s/Joshua D. Curry*

Joshua D. Curry
Georgia Bar No. 117378
Wazir Hossain
Georgia Bar No. 128721
Lewis Brisbois Bisgaard Smith LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Ph: 404.348.8585
Email: josh.curry@lewisbrisbois.com

*Attorneys for Defendant Life Line Screening of America Ltd.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing was prepared using 14-point Times new Roman font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

Dated: September 9, 2026 *\/s/Joshua D. Curry*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: September 9, 2026 */s/Joshua D. Curry*