**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE LINE SCREENING OF AMERICA LTD.,<br><br>Defendant. | Case No. 1:26-cv-03952-JPB |

**DEFENDANT LIFE LINE'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR CLASS CERTIFICATION MOTION**

Defendant Life Line Screening of America Ltd. ("Life Line") opposes Plaintiff Andre Felix's ("Plaintiff") Motion to Extend the Time for the Plaintiff to File a Motion for Class Certification (Doc. 7) in this Telephone Consumer Protection Act ("TCPA") putative class action. Plaintiff asks the Court to commit now to an unspecified class certification motion deadline that Plaintiff says is "typically eight to ten months after entry of" the forthcoming case scheduling order, which the parties have not yet even proposed. (Doc. 7 ¶4.)

Plaintiff did not follow the Court's rules for extensions, has not shown good cause, and asks for relief that the parties' forthcoming proposed case schedule may

moot entirely. Accordingly, the Court should deny Plaintiff's extension motion.

Local Rule 23.1(B) provides that "[t]he plaintiff shall move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action." The Complaint was filed July 15, 2026, so the deadline to move for class certification is October 13, 2026.

Plaintiff's extension motion should be denied for at least three reasons.

First, Plaintiff did not follow this Court's rules for extensions. The Court's Standing Order (Doc. 3) provides that motions for extension "will not be granted as a matter of course," that a party seeking an extension "should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought," and that "[a] proposed order must be provided." (Doc. 3 at 11.) Plaintiff's motion does none of this. The 90-day class certification motion deadline was no surprise; Local Rule 23.1(B) fixed it the day Plaintiff filed suit. Plaintiff's motion offers no timetable for any discovery, deposition, or expert work, no details about any unanticipated or unforeseen circumstances, and no reasons why the work cannot be done by the current deadline. Plaintiff also attached no proposed order.

Second, Plaintiff has not shown good cause – or even attempted to do so. Local Rule 23.1(B) permits an extension only "upon a showing of good cause." The good cause standard "precludes modification unless the schedule cannot 'be met

despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Plaintiff's motion, unsupported by any declaration, does not say what Plaintiff has done or tried to do to meet the current deadline, or why the deadline cannot be met with reasonable diligence. Plaintiff lists vague, generic discovery categories common to nearly every putative TCPA class action and essentially says only that some discovery is needed. (*See* Doc. 7 ¶4.) If that were good cause to extend a deadline to an unspecified date "eight to ten months" after a schedule is entered, Local Rule 23.1(B)'s default 90-day deadline would never apply to a putative TCPA class action.

Third, Plaintiff's motion is premature. The parties' Joint Preliminary Report and Discovery Plan is not due until October 9, 2026. (*See* 9/10/2026 Docket Order.) That filing will propose a case schedule and may moot Plaintiff's motion. Plaintiff asks the Court to accept an eight-to-ten-month period for the class certification motion before the Court has seen either side's proposal.

For at least these reasons, Life Line respectfully requests that the Court deny Plaintiff's extension motion.

Dated: October 2, 2026

Respectfully submitted,

*/s/Joshua D. Curry*
Joshua D. Curry
Georgia Bar No. 117378
Wazir Hossain

Georgia Bar No. 128721
Lewis Brisbois Bisgaard Smith LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Ph: 404.348.8585
Email: josh.curry@lewisbrisbois.com
wazir.hossain@lewisbrisbois.com

*Attorneys for Defendant Life Line Screening of America Ltd.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing was prepared using 14-point Times New Roman font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

Dated: October 2, 2026 *<u>/s/Joshua D. Curry</u>*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: October 2, 2026 *<u>/s/Joshua D. Curry</u>*