**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

LIFE LINE SCREENING OF AMERICA LTD.

Defendant.

Case No. 1:26-cv-03952-JPB

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND THE TIME TO FILE A MOTION FOR CLASS CERTIFICATION**

Plaintiff Andre Felix respectfully submits this Reply in further support of his Motion to Extend the Time to File a Motion for Class Certification. Defendant's Opposition does not identify any prejudice from the requested extension. Instead, Defendant principally argues that Plaintiff's original Motion did not provide a sufficiently detailed timetable and that the request was premature because the Parties had not yet submitted their Joint Preliminary Report and Discovery Plan.

The Parties' Joint Preliminary Report and Discovery Plan is due October 9, 2026 and sets forth Plaintiff's proposed schedule in detail. Plaintiff proposes that his motion for class certification be due twelve months after entry of the Scheduling

Order, with expert disclosures beginning 180 days after entry of the Scheduling Order and responsive and rebuttal expert reports thereafter. The Joint Report also identifies the substantial classwide discovery that will be necessary concerning Defendant's calling records, telephone systems and vendors, consent and do-not-call records, number reassignment, complaints and stop requests, TCPA policies and procedures, and the data necessary to identify members of the proposed classes. Plaintiff further anticipates expert analysis of Defendant's calling records and electronically stored data.

Thus, Defendant's assertion that Plaintiff has provided "no timetable for any discovery, deposition, or expert work" is undermined by the dates that the Defendant already knows it is proposing. See Def.'s Opp. at 2. The Joint Report provides the very timetable and discovery framework Defendant contends were absent from Plaintiff's initial Motion. Indeed, Plaintiff has diligently attempted to move the scheduling process forward. As reflected in the correspondence attached as Exhibit 1, Plaintiff repeatedly followed up with Defendant regarding completion of the Joint Preliminary Report and Discovery Plan, including on October 1, 2026. Defendant responded on October 2 that it was "still working through it" and had "no update as of yet." Ex. 1. Thus, Defendant's suggestion that Plaintiff has failed to act diligently is particularly misplaced where Plaintiff has been attempting to finalize the very scheduling submission that Defendant now contends should precede resolution of

this Motion when the Plaintiff provided a draft of that report more than a month ago.

Nor is Plaintiff's request unusual in this District. To the contrary, courts in this District have recently granted materially identical requests to defer the Local Rule 23.1(B) deadline until a deadline can be established through the ordinary scheduling process. On September 9, 2026, Judge Ross granted such a motion in *Wilson v. Esurance Insurance Services, Inc.*, No. 1:26-cv-04428-ELR, ordering that the plaintiff "shall file the motion for class certification by the deadline established in the Scheduling Order" and directing the parties to propose a discovery and class-certification schedule in their Joint Preliminary Report and Discovery Plan. *Wilson*, ECF No. 11. That same day, Judge May granted the same relief in *Irvin v. Gas South, LLC*, No. 1:26-cv-04114-LMM, ordering that "[p]laintiff's deadline to file a motion for class certification will be included in the Court's Scheduling Order." *Irvin*, ECF No. 14. And on September 3, 2026, Judge Thrash granted an extension in *Ankrah v. America First Moving Services, LLC*, No. 1:26-cv-00666-TWT, staying the class-certification deadline "until the date set in a future scheduling order." *Ankrah*, ECF No. 12.

Those orders reflect the practical purpose of Plaintiff's request here. Local Rule 23.1(B)'s ninety-day deadline would otherwise require Plaintiff to move for class certification before obtaining the classwide discovery and expert analysis necessary to present a properly supported Rule 23 motion. Plaintiff's Motion

explained that the certification issues will require discovery concerning, among other things, Defendant's calling records and practices, vendors and telephone systems, consent and do-not-call records, and electronically maintained data necessary to identify the class. Defendant does not explain how Plaintiff could responsibly complete that discovery, obtain the necessary data, conduct depositions, perform expert analysis, and brief class certification within the default ninety-day period.

Defendant's reliance on *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), does not change the result. Plaintiff is not seeking to modify an expired scheduling-order deadline after failing to act diligently. Plaintiff moved before the Local Rule 23.1(B) deadline expired and before the Court entered a Scheduling Order, precisely so that class certification could be addressed through an orderly schedule established at the outset of the case. The present record further confirms Plaintiff's diligence: the Parties have conferred under Rule 26(f), prepared their Joint Preliminary Report and Discovery Plan, identified the necessary class discovery and expert work, and proposed competing scheduling positions.

Finally, Defendant identifies no prejudice resulting from the requested relief. Plaintiff is not asking to delay the litigation indefinitely. He asks only that the class-certification deadline be established in the Court's Scheduling Order, just as other judges in this District have recently ordered in comparable putative class actions.

Doing so will permit the Court to coordinate class certification with the discovery and expert schedule governing the remainder of the case.

For these reasons, Plaintiff respectfully requests that the Court grant his Motion and order that Plaintiff's deadline to move for class certification be established in the Court's Scheduling Order.

Dated: October 5, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*