**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE LINE SCREENING OF AMERICA LTD.,<br><br>Defendant. | Case No. 1:26-cv-03952-JPB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.2, Plaintiff Andre Felix ("Plaintiff") and Defendant Life Line Screening of America Ltd. ("Defendant" or "Life Line") (collectively, "Parties"), by and through undersigned counsel, submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

Joint Introductory Statement: This is a case brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and 227(c). As discussed below, while the parties strongly disagree on the merits of the claims and defenses in this case, the parties have agreed as a compromise on the attached joint proposed Scheduling Order (Ex. 1 hereto). The joint proposed Scheduling Order, as explained in § 7 below, gives priority in discovery to certain threshold issues to

permit each party to explore positions that each party believes may narrow this TCPA case (e.g., whether a prerecorded voice was used, how Plaintiff acquired and uses the number at issue, Plaintiff's other TCPA cases, Defendant's calls to the number at issue, call scripts, call procedures, compliance with the National Do Not Call Registry, etc.), but it does not otherwise impact the scope of discovery or limit the parties' ability to request and object to discovery. With this brief introduction provided, the parties' competing merits and other positions are discussed in more detail below.

**(a) Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff brings this putative class action alleging that Defendant Life Line violated TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 227(c), and its implementing regulations by placing unsolicited telemarketing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number, which was registered on the National Do Not Call Registry. Plaintiff alleges that he never consented to receive the calls and had no prior relationship with Defendant. Plaintiff seeks to certify a National Do Not Call Class and a Prerecorded Voice Class consisting of similarly situated recipients of Defendant's telemarketing calls.

Notably, Defendant has identified no evidence that Plaintiff ever consented to receive the calls at issue. To the contrary, Defendant acknowledges that the calls and

messages identified in the Complaint were directed to individuals other than Plaintiff, including persons identified as “Mr. Hassan” and “Adegboyega.” These facts support Plaintiff's allegations that Defendant was attempting to contact someone other than the actual subscriber to the telephone number, who had no prior relationship with Defendant and never authorized the calls.

Plaintiff also disputes Defendant's unsupported attacks on Plaintiff's counsel, the referral of this matter, and the suggestion that counsel operates a purported "sue-and-settle" litigation model. Defendant identifies no evidence of improper conduct and instead attempts to draw sweeping conclusions from lawsuits involving two defendants filed by the Plaintiff. One of those actions resulted in a $4,000,000 class action settlement fund, providing substantial relief to the settlement class rather than merely resolving Plaintiff's individual claims. The other action was only recently filed and remains in its early stages. Two cases—one resulting in a substantial classwide settlement and the other actively proceeding through litigation—provide no reasonable basis for Defendant's accusations. Nor does the fact that Plaintiff was referred to counsel establish anything improper. Defendant's insinuations concerning counsel's motives are irrelevant to the claims asserted against Life Line Screening and do not justify restricting discovery.

Defendant's attempt to justify bifurcated discovery through attacks on Plaintiff and his counsel is particularly misplaced. Defendant relies on assertions

from a motion related to class certification (not that plaintiff's individual claims) regarding that plaintiff's purported interest in resolving those cases without identifying any comparable conduct by Mr. Felix. Moreover, Defendant's characterization of Mr. Felix's litigation history is in stark contract. The *ConnectAmerica* litigation resulted in a $4,000,000 nationwide class action settlement fund. The only other action involving Mr. Felix, *Felix v. Future Judgement Solutions*, No. 1:26-cv-04219-SEG (N.D. Ga.), was filed on July 27, 2026, and remains in its early stages.. Unsubstantiated allegations concerning an unrelated plaintiff and a mischaracterization of a successful classwide settlement provide no basis for denying Plaintiff ordinary classwide discovery in this action.

Finally, Defendant's criticism of typographical or drafting errors in Plaintiff's initial proposed Joint Preliminary Report is misplaced. On September 9, 2026, immediately after Defendant filed its Answer, Plaintiff's counsel proposed proceeding with the Rule 26(f) conference and preparing the report, and Defendant's counsel expressly invited Plaintiff to prepare the initial draft using the Northern District of Georgia's form. The draft was circulated for counsel's review and revision, and any inadvertent carryover language was a drafting oversight, not a representation to the Court. Such criticisms provide no legitimate basis to question counsel's conduct or restrict discovery. Indeed, the Defendant's edits to this report

were provided the on October 7 at 11:47 PM with the report due on October 9, weeks after they were provided with the initial draft.

Defendant's Statement:

Defendant Life Line denies that it violated the TCPA and that this action may properly be certified as a class action under Rule 23. Life Line provides community-based preventive health screening services. Life Line's telephone outreach is conducted by live representatives, not by artificial or prerecorded voice, and is directed to individuals who provided their telephone numbers to Life Line and consented to be contacted.

Plaintiff's own allegations and approach to this TCPA case raise significant threshold questions that warrant prioritized into how Plaintiff came to receive the calls at issue and to bring this claim. For example, Plaintiff, who alleges that he resides in Suwanee, Georgia, sues over calls to a cellular number with a New York City area code (347), and the messages he describes were addressed to someone else by name: a voicemail greeting "Mr. Hassan" and a text message to "Adegboyega." A voicemail that greets the listener by name is also more consistent with a live caller than with the prerecorded voice Plaintiff alleges. *See* Compl. (Doc. 1) ¶7, 22, 25-26, 29, 32. And although Plaintiff apparently does not contend that the text message he received independently violated the TCPA, his proposed National Do Not Call Class (proposed class 1 of 2) expressly includes text messages, which this Court has held

are not actionable under § 227(c)(5) in other cases filed by Plaintiff's counsel.[1] This case also reflects a templated approach to TCPA litigation. Plaintiff's lead counsel has represented Plaintiff in at least three other TCPA suits over this same telephone number. Plaintiff's first draft of this report carried over passages verbatim from the report filed in another TCPA case before this Court, including a false statement that the parties had already discussed and agreed on the scope of electronically stored information, which counsel here had not yet even discussed.[2] Finally, in another TCPA case pending in Oregon where Plaintiff's lead counsel here was to receive 60% of any fee and a firm called the Heidarpour Law Firm was to receive 30%, the

[1] *See* Compl. ¶36 (class of persons who received "more than one telemarketing call ***or text message***") (all quotation emphasis is added unless otherwise noted). Text messages are not "telephone call[s]" actionable under 47 U.S.C. § 227(c)(5). *See Twumasi Ankrah v. Streamline Funding, LLC*, No. 1:26-cv-00784-JPB, Doc. 20 at 5-7 (N.D. Ga. Sept. 29, 2026); *Wilson v. Tradercodes, LLC*, No. 1:25-cv-03211-ELR, Doc. 33 at 5-8 (N.D. Ga. Mar. 17, 2026). Plaintiff's counsel here represented the plaintiff there in both the *Ankrah* and *Tradercodes* actions, and the *Tradercodes* ruling came 4 months before he filed this action with a proposed class that still included text messages. *See* Compl. ¶36.

[2] Plaintiff's 09/09/2026 draft of this report certified that a Rule 26(f) conference was held in this case "on July 1, 2026," two weeks before this action was filed, and requested, on Life Line's behalf, "a scheduling conference to address its request to stay discovery and its alternative request for a phased/bifurcated discovery schedule," which is a request Life Line did not make. Plaintiff's draft also stated that "[t]he Parties have discussed the scope of discovery and have agreed to limit the scope," including for electronically stored information, before counsel here had discussed that subject. All three passages appear verbatim in the report filed in *Ankrah* at Doc. 18 (see p. 10, 22, 23) where plaintiff there is represented by the same counsel as Plaintiff here.

defendant there has accused plaintiff's lawyers of running a sue-and-settle business where they file TCPA cases styled as class actions to pressure defendants into individual settlements on manufactured claims. There, the Oregon court denied class certification, finding that the plaintiff's "stated interest has been making money off of threatening class actions under the TCPA [a]nd that is not a class-conscious approach as an individual," called for "robust discovery to determine exactly what is going on with the Heidarpour Law Firm and this litigation," stayed 13 other related cases pending before it, and ordered the plaintiff "to preserve all electronic devices that he has with regard to communications with the Heidarpour Law Firm, anyone else regarding his TCPA filings," an order that on its terms reaches his communications with Plaintiff's lead counsel here, who was to receive 60% of that fee.[3, 4]

---

[3] *See Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25-cv-01869-MC (D. Or.) at Doc. 26-1 ¶5 (fee agreement filed by the plaintiff, allocating 60% of any fee to Paronich Law, Plaintiff's lead lawyer here), Doc. 19 at 8, 20 (motion to deny class certification), Doc. 45 (Aug. 18, 2026 minute order joining the plaintiff's 14 cases for class certification), Doc. 47 (Aug. 19, 2026 minute order granting the motion and staying the plaintiff's other pending cases), and Doc. 49 (Hr'g Tr. Aug. 19, 2026) at 7:11-25, 34:6-21, 76:12-20, 77:23-78:1, 78:10-79:9, available at https://tcpahammer.com/wp-content/uploads/2026/08/Wilson-v.-Freeway-Insurance-Services-Transcript.pdf; *see also* Why a defense lawyer went on the offensive in an Oregon robocall lawsuit (Reuters 8/21/2026), available at https://www.reuters.com/legal/government/why-defense-lawyer-went-offensive-an-oregon-robocall-lawsuit-2026-08-21/.

[4] Plaintiff has not yet complied with LR 3.3 in this action. However, Plaintiff's lead counsel has certified that the Heidarpour Law Firm has a financial interest in

Life Line therefore initially sought a full bifurcation of discovery, but after further discussion and negotiation, the parties have now agreed as a compromise to the attached Joint Proposed Scheduling Order (Ex. 1), which gives priority in discovery to threshold issues – including whether a prerecorded voice was used (the basis of 1 of the 2 proposed classes), how Plaintiff acquired and uses the number at issue, and Plaintiff's other TCPA demands, suits, settlements, and fee and referral agreements – as detailed in the attached joint proposed Scheduling Order (Ex. 1) and summarized in § 7 below.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff contends that Defendant placed at least six telemarketing calls to his cellular telephone number on October 31, 2025; February 26, 2026; March 17, 2026; March 30, 2026; June 8, 2026; and June 29, 2026. The calls originated from, or displayed as originating from, (866) 964-1391 and resulted in substantially identical prerecorded voicemails identifying the caller as "Elisa" calling on behalf of Life Line Screening. Plaintiff's telephone number had been registered on the National Do

---

another TCPA class action brought by both of Plaintiff's counsel here in another case in this District. *See Wilson v. Atlanta Med. Day Spa & Surgery Ctr., LLC*, No. 1:25-cv-04023-SDG, Doc. 21 at 1 (N.D. Ga. Mar. 5, 2026) (certificate of interested persons filed after the court's order that neither party had complied with LR 3.3, Doc. 19).

Not Call Registry since December 24, 2024. Plaintiff alleges that he never provided his number or consent to Defendant and had no prior relationship with Defendant. One voicemail addressed Plaintiff as "Mr. Hassan," and a separate promotional text message addressed him as "Adegboyega." Plaintiff does not assert that the text message independently violated the TCPA but alleges that it corroborates Defendant's marketing activity directed to his telephone number.

Defendant's Statement:

Life Line, as noted above, calls individuals who have consented to receive calls, and the calls are made by live representatives who work from scripts. Life Line's calling practices do not violate the TCPA.

**(c) The legal issues to be tried are as follows:**

Based on investigation to date, the parties have identified the issues below:

1. Whether Defendant initiated calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

2. Whether Defendant initiated more than one telephone solicitation within a twelve-month period to a residential telephone subscriber whose number was registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2);

3. Whether Plaintiff's claims, or those of any putative class member, are barred or limited by any defense Defendant may have;

4. Whether this action may be maintained as a class action under Fed. R. Civ. P. 23, including whether Plaintiff's claims are typical and whether he will fairly and adequately protect the interests of the proposed classes; and

5. Whether Plaintiff or any putative class member is entitled to statutory damages or other relief, and if so, in what amount.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

- *Felix v. Future Judgement Solutions*, No. 1:26-cv-04219-SEG (N.D. Ga. filed 7/27/2026) (Geraghty, J.) – same Plaintiff and telephone number; alleges prerecorded-voice calls to a wrong or reassigned number, on behalf of a nationwide class. Joint preliminary report filed 9/21/2026 (Doc. 10); as of the date of this report, no scheduling order has been entered.

- *Felix v. ConnectAmerica.com, LLC*, No. 2:25-cv-01695-JMY (E.D. Pa. filed 4/1/2025) – same Plaintiff and telephone number; alleges prerecorded-voice calls to a wrong or reassigned number, on behalf of a nationwide class. Class certification motions due 3/10/2027 (Doc. 24).

- *Felix v. ConnectAmerica.com LLC*, No. GD-26-007931 (Pa. Ct. Com. Pl. Allegheny Cnty. filed 8/7/2026) – same Plaintiff, telephone number, and defendant as the E.D. Pa. action, filed according to the settlement agreement "[t]o facilitate the Settlement" of a nationwide class. Preliminary approval granted 9/22/2026; final approval hearing set for 1/19/2027.

The Plaintiff does not agree that these cases are related as they do not involve allegations regarding this Defendant. In any event, the *ConnectAmerica* litigation has produced a substantial proposed classwide settlement, while *Future Judgement Solutions* is proceeding through litigation and discovery. Neither supports Defendant's characterization of Plaintiff's litigation history or its request to bifurcate discovery in this action.

**(2) Previously Adjudicated Related Cases:**

None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex
x____ (4) Greater than normal volume of evidence
x____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
x____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff: Anthony Paronich
Paronich Law, P.C.

Lead counsel for Defendant: Joshua D. Curry
Lewis Brisbois Bisgaard & Smith LLP

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

☐ **Yes** ☒ **No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

Defendant's Statement: Life Line does not presently contest this Court's subject-matter jurisdiction, but reserves the right to challenge Plaintiff's Article III

standing as discovery proceeds and, if a class is certified, this Court's personal jurisdiction over the claims of nonresident absent class members.

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

Plaintiff's Response: None known at this time. To the extent discovery establishes that Defendant used any third-party vendor or other entity to place the artificial or prerecorded voice calls at issue or the fact that they were collecting for another third party, Plaintiff reserves the right to seek leave to add any appropriate party identified through discovery.

Defendant's Response: None known at this time.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any**

**contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** ***Motions to Compel:*** **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** ***Summary Judgment Motions:*** **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** ***Other Limited Motions:*** **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** ***Motions Objecting to Expert Testimony:*** **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

Joint Proposal:

The parties jointly propose the attached joint proposed Scheduling Order (Ex. 1). It provides approximately eight months of discovery, opening 10/13/2026 and closing 06/28/2027, gives priority to the subjects it lists (the "Priority Subjects," discussed further below), sets up fact discovery to be completed before expert discovery begins, and sets other appropriately staggered case deadlines as shown in the table below.[5]

| Event | Date |
|---|---|
| Discovery opens | 10/13/2026 |
| Initial disclosures served | 10/16/2026 |
| Priority Subjects (defined below) written discovery responses served and documents produced for requests served by 11/02/2026 | 12/04/2026 |
| Priority Subjects depositions completed | 12/31/2026 |
| Joint status report (5 pages per side) | 01/15/2027 |
| Opening expert reports by party with burden of proof | 04/29/2027 |
| Responsive expert reports by party without burden of proof | 06/01/2027 |
| Close of all discovery | 06/28/2027 |
| Motion for class certification with responses and replies under the local rules and any motion to exclude a class-certification expert is due with the moving party's next class-certification brief | 07/28/2027 |

[5] The agreed schedule renders Plaintiff's Motion for Extension of Time to File a Motion for Class Certification (Doc. 7) moot. As such, the proposed Scheduling Order includes a paragraph denying Plaintiff's extension motion as moot. *See* Ex. 1 at ¶5.

| **Event** | **Date** |
|---|---|
| Motions for summary judgment and *Daubert* with responses and replies due under the local rules | 45 days after the Court rules on class certification |
| Proposed joint pretrial order, motions in limine, and related pretrial filings under the local rules | Later of 30 days after MSJ/*Daubert* deadline or Court's ruling on MSJ/*Daubert* |

The Priority Subjects are listed below:[6]

(a) Plaintiff's (i) acquisition, ownership, and use of telephone number (347) 217-XXXX (or any other telephone number at issue), including information concerning acquisition, porting, subscription, usage (including for business purposes), carrier and subscriber records, National Do Not Call registration(s), provision to Defendant or any other person including through any online form, and consent of any person associated with the number; (ii) receipt of the calls and messages alleged in the Complaint, including the devices Plaintiff used and any access to them by others, the original voicemails, messages, and any other relevant files, any response to or engagement with the calls or messages, and Plaintiff's knowledge thereof and of the persons the calls and messages were intended to reach; (iii) other demands, threatened or actual actions, and settlements under the TCPA involving

[6] For avoidance of doubt, the categories listed below are descriptive only. Inclusion of a category is not a representation that responsive documents exist, and no party is required to create documents.

Plaintiff or the telephone number(s) at issue and their outcomes, including amounts received, prior testimony and declarations, all fee or related agreements and their execution and the authority they confer, any nonprivileged documents concerning the referral of his claims, division of fees or recoveries, the dates Plaintiff first contacted and retained counsel, and the firms involved and their roles; and (iv) public statements concerning the number(s), the calls, or claims under the TCPA, and Plaintiff's knowledge of and participation in this action and his prior putative class actions; and

(b) Defendant's (i) calls and messages to Plaintiff's number(s), including the date, time, and duration of each, the calling and caller ID numbers used, call-detail and dialer records, any recordings or voicemails, and the scripts used; (ii) how the number(s) came to Defendant, including the source and date, and any associated consent, customer relationship, or other relationship; (iii) whether those calls used an artificial or prerecorded voice or a live agent, and who placed them, including whether Defendant or a vendor did so; (iv) the systems and any vendors Defendant used for outbound telemarketing calls during the alleged class period; (v) written policies, procedures, training, and compliance records concerning the National Do Not Call Registry and do-not-call lists applicable during the alleged class period; (vi) application of item (v) to Plaintiff's number(s), including any internal do-not-call entry, Registry scrub result, opt-out or stop request, or reassigned-numbers

database query for those number(s), and the date of each; (vii) the source of the text message alleged in Paragraphs 31-34 of the Complaint, including whether Defendant or any vendor acting on its behalf sent it; (viii) communications, if any, with Plaintiff or his counsel concerning the calls or messages before this action was filed; and (ix) the identity of its employees and vendors with knowledge of items (i)-(viii).

In addition to written discovery and document production on the Priority Subjects, the parties have agreed to limited early depositions: a deposition of up to 4 hours may be taken of Plaintiff, one representative of Defendant, and any relevant third party on topics within the scope of the Priority Subjects, together with any discovery produced concerning those topics, without precluding a second deposition of the same witness for up to 5 hours at a later date.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

No objection. The parties have agreed to exchange initial disclosures on 10/16/2026.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties defer to the Court as to whether a scheduling conference would be appropriate.

**10. Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiff's Statement:</u>

Plaintiff anticipates that discovery will be needed concerning the merits of Plaintiff's claims and the requirements of Federal Rule of Civil Procedure 23, including: (1) Defendant's call records and electronically stored information identifying calls made to Plaintiff and members of the proposed classes; (2) the telephone systems, platforms, vendors, and technology used to initiate or transmit the calls; (3) the prerecorded or artificial voices, scripts, recordings, and telemarketing campaigns used by Defendant; (4) Defendant's records concerning

Plaintiff's telephone number, including the source and history of that number and the identity of any person Defendant intended to reach; (5) Defendant's records and procedures concerning consent, established business relationships, number reassignment, and National Do Not Call Registry compliance; (6) records identifying calls to numbers listed on the National Do Not Call Registry; (7) records identifying calls placed without consent or after the reassignment of a telephone number; (8) complaints, stop requests, and other records reflecting unwanted or misdirected calls; (9) Defendant's policies, procedures, training materials, and compliance monitoring concerning the TCPA; and (10) records and data necessary to identify members of the proposed classes.

Plaintiff anticipates presenting expert testimony concerning Defendant's calling records, electronically stored data, and the identification of class members. Expert discovery relevant to class certification will therefore likely be necessary.

Defendant's Statement:

Life Line anticipates that discovery will be needed on the following subjects, with priority given to the Priority Subjects in (a) and (b) below, as set out in the attached joint proposed Scheduling Order:

(a) Priority Subjects concerning Plaintiff: Plaintiff's (i) acquisition, ownership, and use of telephone number (347) 217-XXXX (or any other telephone number at issue), including information concerning acquisition, porting,

subscription, usage (including for business purposes), carrier and subscriber records, National Do Not Call registration(s), provision to Defendant or any other person including through any online form, and consent of any person associated with the number; (ii) receipt of the calls and messages alleged in the Complaint, including the devices Plaintiff used and any access to them by others, the original voicemails, messages, and any other relevant files, any response to or engagement with the calls or messages, and Plaintiff's knowledge thereof and of the persons the calls and messages were intended to reach; (iii) other demands, threatened or actual actions, and settlements under the TCPA involving Plaintiff or the telephone number(s) at issue and their outcomes, including amounts received, prior testimony and declarations, all fee or related agreements and their execution and the authority they confer, any nonprivileged documents concerning the referral of his claims, division of fees or recoveries, the dates Plaintiff first contacted and retained counsel, and the firms involved and their roles; and (iv) public statements concerning the number(s), the calls, or claims under the TCPA, and Plaintiff's knowledge of and participation in this action and his prior putative class actions;

(b) Priority Subjects concerning Defendant: Defendant's (i) calls and messages to Plaintiff's number(s), including the date, time, and duration of each, the calling and caller ID numbers used, call-detail and dialer records, any recordings or voicemails, and the scripts used; (ii) how the number(s) came to Defendant,

including the source and date, and any associated consent, customer relationship, or other relationship; (iii) whether those calls used an artificial or prerecorded voice or a live agent, and who placed them, including whether Defendant or a vendor did so; (iv) the systems and any vendors Defendant used for outbound telemarketing calls during the alleged class period; (v) written policies, procedures, training, and compliance records concerning the National Do Not Call Registry and do-not-call lists applicable during the alleged class period; (vi) application of item (v) to Plaintiff's number(s), including any internal do-not-call entry, Registry scrub result, opt-out or stop request, or reassigned-numbers database query for those number(s), and the date of each; (vii) the source of the text message alleged in Paragraphs 31–34 of the Complaint, including whether Defendant or any vendor acting on its behalf sent it; (viii) communications, if any, with Plaintiff or his counsel concerning the calls or messages before this action was filed; and (ix) the identity of its employees and vendors with knowledge of items (i)-(viii); and

(c) Remaining merits and class issues: the requirements of Federal Rule of Civil Procedure 23, including Plaintiff's typicality and adequacy as a class representative and whether individual issues, such as consent, number reassignment, business use, and Do Not Call registration, predominate; Life Line's do-not-call policies, procedures, training, and compliance monitoring; the class-wide subjects

Plaintiff identifies above, limited to telephone calls (not text messages) placed within the limitations period; and expert discovery.

Listing a subject is not a representation that responsive documents exist. Life Line reserves all objections to class-wide discovery, including as to relevance, proportionality, and scope.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request approximately eight months of discovery, from 10/13/2026 through 06/28/2027, rather than the assigned four-month track, with priority given to the Priority Subjects, as set out in § 7 and the attached joint proposed Scheduling Order (Ex. 1).

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None, except the priority given to the Priority Subjects and the deposition provisions of the attached joint proposed Scheduling Order (a deposition of up to 4 hours of Plaintiff, one representative of Defendant, and any relevant third party on topics within the Priority Subjects, without precluding a second deposition of the same witness for up to 5 hours at a later date).

**(b) Is any party seeking discovery of electronically stored information?**

☒ **Yes** ☐ **No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties will confer on custodians, systems, date ranges, and search methods before undertaking ESI collection and discovery.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

All productions will be Bates labelled; audio recordings will be produced in native format with available metadata; call-detail records and other structured data will be produced in native or CSV format with available field definitions; and other documents will be produced as searchable PDFs unless native production is reasonably necessary to preserve readability (e.g., native for XLSX, PPTX, etc. formats that do not convert well to image).

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to submit a proposed confidentiality order.

The parties submitted a joint report concerning limiting communications with putative class members as required by Local Rule 23.1(C)(2) and have agreed to abide by the local rule restrictions. *See* Doc. 11.

The attached joint proposed Scheduling Order also directs each party to preserve relevant materials in its possession, custody, or control, including all materials (including any privileged materials) within the scope of the Priority Subjects, without determining discoverability, waiving any privilege or protection, or requiring production.

The attached joint proposed Scheduling Order further provides that discovery disputes (including concerning whether a request is within a Priority Subject) shall be raised only after a good-faith conference and under the procedures in the Court's Standing Order (Doc. 3).

**13. Privileged or Protected Material:**

**Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?**

☒ **Yes** ☐ **No**

**If "yes,"**

**The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:**

The Parties will include in the proposed confidentiality order a provision under Fed. R. Evid. 502(d) that the production of privileged or protected material, inadvertent or otherwise, does not waive the privilege or protection, together with a procedure for the return of such material.

**14. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 11, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

| | |
|---|---|
| For Plaintiff: | */s/ Anthony Paronich* |
| For Defendant: | */s/ Joshua D. Curry* |

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☒ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is needed.

☐ No possibility of settlement.

**(c) Counsel ☒ do ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**15. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

The parties ☐ **do** ☒ **do not** consent to having this case tried before a magistrate judge of this court.

The parties' joint proposed Scheduling Order is attached as Exhibit 1.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Joshua D. Curry*
Joshua D. Curry
Georgia Bar No. 117378
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308

*/s/ Anthony I. Paronich*
Anthony I. Paronich
(admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Ph: 404.348.8585
Email: josh.curry@lewisbrisbois.com

*Attorneys for Defendant Life Line Screening of America Ltd.*

Tel: (617) 485-0018
anthony@paronichlaw.com

Valerie Chinn
Georgia Bar No. 248468
Chinn Law Firm, LLC
6000 Lynmark Way, Suite 106 #1320
Fairburn, GA 30213
Tel: (404) 955-7732
vchinn@chinnlawfirm.com

*Counsel for Plaintiff and the proposed class*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing was prepared using 14-point Times New Roman font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

Dated: October 13, 2026 *_/s/ Joshua D. Curry____*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: October 13, 2026 *_/s/ Joshua D. Curry____*