**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE LINE SCREENING OF AMERICA LTD.,<br><br>Defendant. | Case No. 1:26-cv-03952-JPB |

## [JOINT PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan (Doc. ___) and based on consent of the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

1. This case is assigned to a discovery track for fact and expert discovery of approximately eight months with discovery opening on October 13, 2026 and closing on June 28, 2027, under these deadlines:

| Event | Date |
|---|---|
| Discovery opens | 10/13/2026 |

| Event | Date |
|---|---|
| Initial disclosures served | 10/16/2026 |
| Priority Subjects (defined below) written discovery responses served and documents produced for requests served by 11/02/2026 | 12/04/2026 |
| Priority Subjects depositions completed | 12/31/2026 |
| Joint status report (5 pages per side) | 01/15/2027 |
| Opening expert reports by party with burden of proof | 04/29/2027 |
| Responsive expert reports by party without burden of proof | 06/01/2027 |
| Close of all discovery | 06/28/2027 |
| Motion for class certification with responses and replies under the local rules and any motion to exclude a class-certification expert is due with the moving party's next class-certification brief | 07/28/2027 |
| Motions for summary judgment and *Daubert* with responses and replies due under the local rules | 45 days after the Court rules on class certification |
| Proposed joint pretrial order, motions in limine, and related pretrial filings under the local rules | Later of 30 days after MSJ/*Daubert* deadline or Court's ruling on MSJ/*Daubert* |

2. The following subjects shall be given priority ("Priority Subjects"). A deposition of up to 4 hours may also be taken of Plaintiff, one representative of Defendant, and any relevant third-party on topics within the scope of the Priority Subjects together with any discovery produced concerning those topics without precluding a second deposition of the same witness for up to 5 hours at a later date. For avoidance of doubt, the categories listed below are descriptive only. Inclusion

of a category is not a representation that responsive documents exist, and no party is required to create documents.

(a) Plaintiff's (i) acquisition, ownership, and use of telephone number (347) 217-XXXX (or any other telephone number at issue), including information concerning acquisition, porting, subscription, usage (including for business purposes), carrier and subscriber records, National Do Not Call registration(s), provision to Defendant or any other person including through any online form, and consent of any person associated with the number; (ii) receipt of the calls and messages alleged in the Complaint, including the devices Plaintiff used and any access to them by others, the original voicemails, messages, and any other relevant files, any response to or engagement with the calls or messages, and Plaintiff's knowledge thereof and of the persons the calls and messages were intended to reach; (iii) other demands, threatened or actual actions, and settlements under the TCPA involving Plaintiff or the telephone number(s) at issue and their outcomes, including amounts received, prior testimony and declarations, all fee or related agreements and their execution and the authority they confer, any nonprivileged documents concerning the referral of his claims, division of fees or recoveries, the dates Plaintiff first contacted and retained counsel, and the firms involved and their roles; and (iv) public statements concerning the number(s), the calls, or claims under the TCPA,

and Plaintiff's knowledge of and participation in this action and his prior putative class actions; and

(b) Defendant's (i) calls and messages to Plaintiff's number(s), including the date, time, and duration of each, the calling and caller ID numbers used, call-detail and dialer records, any recordings or voicemails, and the scripts used; (ii) how the number(s) came to Defendant, including the source and date, and any associated consent, customer relationship, or other relationship; (iii) whether those calls used an artificial or prerecorded voice or a live agent, and who placed them, including whether Defendant or a vendor did so; (iv) the systems and any vendors Defendant used for outbound telemarketing calls during the alleged class period; (v) written policies, procedures, training, and compliance records concerning the National Do Not Call Registry and do-not-call lists applicable during the alleged class period; (vi) application of item (v) to Plaintiff's number(s), including any internal do-not-call entry, Registry scrub result, opt-out or stop request, or reassigned-numbers database query for those number(s), and the date of each; (vii) the source of the text message alleged in Paragraphs 31-34 of the Complaint, including whether Defendant or any vendor acting on its behalf sent it; (viii) communications, if any, with Plaintiff or his counsel concerning the calls or messages before this action was filed; and (ix) the identity of its employees and vendors with knowledge of items (i)–(viii).

3. Discovery disputes (including concerning whether a request is within a Priority Subject) shall be raised only after a good-faith conference and under the procedures in the Court's Standing Order (Doc. 3).

4. Each party shall preserve relevant materials in its possession, custody, or control, including all materials (including any privileged materials) within the scope of the Priority Subjects. This paragraph does not determine discoverability, waive any privilege or protection, or require production.

5. Plaintiff's Motion for Extension of Time to File a Motion for Class Certification (Doc. 7) is DENIED AS MOOT in light of this Order.

SO ORDERED this ____ day of _______________, 2026.

________________________________
J. P. BOULEE
United States District Judge